**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AJANI POSEY,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:24-0730** |
| **v.** | : | **(JUDGE MANNION)** |
| **KATHY BRITTAIN, WARDEN,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

I.   BACKGROUND

Petitioner, Ajani Posey, an inmate confined in the State Correctional Facility, Frackville ("SCI-Frackville"), Pennsylvania, filed the above caption habeas corpus petition pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid. (Doc. 6). The sole named Defendant is Kathy Brittain, SCI-Frackville Warden. Id. Petitioner claims that he is "incarcerated under conditions that violate the 8th and possibly 14th amendment and this punishment is disproportionate to the crime committed and the plea/contract [he] entered." Id. Specifically, he states that "what [he is] challenging is not an appeal from a criminal conviction via direct appeal or PCRA" but he is "challenging the constitutionality of the conditions [he is] incarcerated under because they conflict with the U.S. Constitution." Id. For relief, Petitioner

requests the Court "release petitioner from the PA Dept. of Corrections on PA Parole supervision or be transferred to a different institution and have single-cell status." Id.

Preliminary review of the petition has been given and it is concluded that it is appropriate to dismiss the petition at this stage of the proceedings. See Rules Governing §2254 Cases Rule 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). Thus, for the reasons that follow, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

## II.   DISCUSSION

Federal law provides two main avenues of relief to incarcerated persons: a petition for writ of habeas corpus and a civil-rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Although both §1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose of effect." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

- 2 -

requests for relief turning on circumstances of confinement may be presented in a §1983 action." Muhammad, 540 U.S. at 750. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiffs favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate." Leamer, 288 F.3d at 542.

Simply put, Posey's claims are not cognizable in habeas. Instead of challenging the fact or duration of his confinement, Posey challenges his conditions of confinement following his transfer to SCI-Frackville. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully because of that conviction. Rather, Posey claims prison officials transferred him to a less desirable facility with "significantly smaller" cells and "bunk beds with no ladders and prisoners double-celled." (Doc. 2). His claims do not lie at the "core of habeas" as they do not challenge the fact or length of a sentence of confinement. Therefore, they are not cognizable in habeas. See Preiser, 411 U.S. at 500; see also Leamer, 288 F.3d at 542-44.

III.   CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may

- 3 -

only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## IV.    CONCLUSION

For the foregoing reasons, the petitioner for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254 will be dismissed without prejudice.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: May 16, 2024**
24-0730-01

- 4 -